IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| C-Byte Computer Systems, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 1:19-cv-00414-CMH-MSN |
| Trevor Biscope | ) |
| Defendant. | ) |

**REPORT & RECOMMENDATION**

This matter comes before the Court on the motion for default judgment (Dkt. No. 11) of plaintiff C-Byte Computer Systems, LLC ("plaintiff" or "C-Byte"[1]). Having reviewed the record and the pleadings, the undersigned Magistrate Judge recommends entering default judgment in plaintiff's favor for the reasons that follow.

**I.   Procedural Background**

On April 8, 2019, plaintiff brought this action, seeking *de novo* judicial review of the United States Patent and Trademark Office's Trademark Trial and Appeals Board's (TTAB) decision in *C-Byte Computer Systems LLC v. Trevor Biscope* pursuant to the Lanham Act. (Dkt. No. 1) 2. On April 17, 2019, a summons was issued as to defendant. On July 8, 2019, plaintiff filed a motion for extension of time for service. (Dkt. No. 6). In support of this motion, plaintiff averred that it had been unable to locate defendant, despite diligent efforts to do so. *Id.* at 3. The Court granted this extension. (Dkt. No. 7). On September 6, 2019, plaintiff filed another motion, seeking an extension or leave to serve defendant's attorney of record. (Dkt. No. 8). Despite significant efforts, plaintiff

---

[1] Throughout this Report & Recommendation, plaintiff is referred to as "C-Byte" while the disputed mark is referred to as "C-BYTE."

had still been unable to successfully serve defendant. *Id.* In support of its request to serve defendant's attorney, Richard Newman, plaintiff noted that Newman continued to serve as counsel of record in the underlying USPTO action. Despite representing Biscope in the underlying USPTO action, and serving as a corporate officer of defendant's company, C-Byte Company, Inc., (not to be confused with plaintiff C-Byte Computer Systems, LLC) Newman refused to accept service on behalf of his client and claimed to be unaware of Biscope's location. The Court found that under the circumstances, alternative service of process was warranted. (Dkt. No. 9). On September 26, 2019, plaintiff successfully served defendant via Richard Newman. (Dkt. No. 10). Defendant failed to file an answer. Accordingly, on November 20, 2020, plaintiff filed a motion for default judgment. (Dkt. No. 11). A hearing was held on the motion for default judgment on December 13, 2019, at which no claimant appeared on behalf of the defendant. (Dkt. No. 13).

The complaint alleges two counts against defendant: count one seeks reversal of the TTAB's decision pursuant to the Lanham Act, 15 U.S.C. § 1071(b)(1); and count two alleges trademark infringement under the Lanham Act, 15 U.S.C. § 1052(d). (Dkt. No. 1) ¶¶ 49-57. Plaintiff asks that the Court reverse and vacate the TTAB's February 6, 2019 decision in the matter of *C-Byte Computer Systems, LLC v. Biscope, Inc.*; that the Court enter an order declaring that defendant's use or registration of the C-BYTE mark constitutes trademark infringement; that the Court grant a permanent injunction enjoining defendant and his employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries related companies, or other affiliated parties from using, registering, or seeking to register the C-BYTE mark in connection with any computer-related or online services that cause or are likely to cause confusion as to the source, affiliation, or sponsorship of plaintiff's C-Byte services; and any other relief as the court may deem just and proper. *Id.* at p. 11-12.

## II.     Factual Background

The following facts are established by plaintiff's complaint and supporting exhibits (Dkt. No. 1) as well as its memorandum in support of its motion for default judgment (Dkt. No. 11-1).

Plaintiff is a Colorado limited liability company, with a principal place of business at 185 Broadway Ave., Alamosa, Colorado 81101. (Dkt. No. 1) 3. Plaintiff provides computer consulting and support services. Defendant, who is believed to be a citizen of Canada, is a former employee of plaintiff. (Dkt. No. 1-11) 1-2.

Trevor Biscope agreed to assign the <c-byte.com> and <c-byte.net> domain names and the C-BYTE mark to plaintiff in exchange for assignation of the rights of an unpaid debt and to obtain employment from plaintiff. (Dkt. No. 1-11) 1. Defendant assigned plaintiff his entire interest in the domain names and the C-BYTE trademark, including any priority of use. (Dkt. No. 11-1) 1. On February 5, 2013, C-Byte Computer Systems LLC was incorporated under the laws of Colorado. (Dkt. No. 1-11) 12.  Plaintiff has documented in the record that defendant made a transfer of the domain names on February 8, 2013. (Dkt. No 1-1). In exchange for this assignment, plaintiff forgave a debt Biscope owed plaintiff of $2,050.95. (Dkt. No. 1) ¶ 12.[2] Plaintiff began using the C-Byte mark to promote its goods and services on Feburary 18, 2013. After this date, but before August 14, 2013, defendant was terminated by plaintiff, allegedly for unspecified illegal activity. (Dkt. No. 1-11) 28.    On August 14, 2013, defendant registered the confusingly similar domain name <cbytecomputersystems.com> without the authorization of plaintiff. (Dkt. No. 1-11). Biscope "deliberately provided false contact information when [he] registered the disputed domain names." (Dkt. No. 1-3).  On August 16, 2013, defendant hijacked plaintiff's <c-byte.com> and <c-byte.net>

---

[2] In interrogatory responses in the underlying action at the USPTO, defendant denied assigning his rights to the plaintiff. However, by defaulting, the defendant admits the plaintiff's well-pleaded allegations of fact. In addition, even if this were not the case, the fact that plaintiff has documented the transfer of the domain names in the record significantly reduces the credibility of defendant's denial. That these were properly registered to the plaintiff is further confirmed by the finding of the Uniform Domain-Name Dispute-Resolution Policy (UDRP) arbitration panel. (Dkt. No. 1-3) 6.

3

domain names by impersonating a manager at plaintiff (Dkt. No. 1). On October 8, 2013, plaintiff commenced a UDRP proceeding to regain control of the <c-byte.com> and <c-byte.net> domain names. (Dkt. No. 1) 4. On November 21, 2013, the UDRP panel ruled in favor of the plaintiff and ordered the domain names to be transferred back to plaintiff. (Dkt. No. 1-3) 2. The decision of the arbitration panel notes that at the time, defendant appeared to use the domain names to offer membership in illegal online gambling operations. (Dkt. No. 1-3) 6. Defendant continued to register other C-BYTE formative domains, and plaintiff again filed a UDRP action seeking relief, which was granted July 11, 2014. (Dkt. No. 1-4). Despite these two decisions, defendant has continued to register other C-BYTE formative domain names. (Dkt. No. 1) 22.

On March 20, 2015, defendant filed a trademark application, seeking to register the C-BYTE trademark. (Dkt. No. 1-5). The mark defendant submitted with the application appears to be identical to the mark used by plaintiff on its website. Both parties use the mark to promote sales and services of computer hardware and software, as well as related consulting and support services (Dkt. No. 1) 6. The defendant's application was published for opposition on August 18, 2015. (Dkt. No. 1) 7. On September 16, 2015, plaintiff timely requested and was granted a 30-day extension to oppose the application. *Id.* Plaintiff filed a notice of opposition on October 16, 2015. *Id.* In support of this opposition, plaintiff engaged in discovery, submitted testimony, exhibits, and trial briefs to the TTAB. Defendant failed to engage in any discovery or submit trial exhibits or evidence. (Dkt. No. 1) 6. Nonetheless, on February 6, 2019, the TTAB dismissed plaintiff's opposition. *Id.* This led to the instant action pursuant to the plaintiff's right to *de novo* review under the Lanham Act.

**III.    Jurisdiction, Venue, and Service of Process**

A court must have both subject matter and personal or *in rem* jurisdiction over a defaulting defendant before it can render a default judgment. This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) because this action presents a federal question under the Lanham

4

Act. Sections 1071(b) and 1121(a) provide that a party to an opposition proceeding may have remedy by a civil action and that a court may adjudge whether a registration should be denied. Based on information and belief, defendant resides in a foreign country. Accordingly, this Court has jurisdiction under 15 U.S.C. § 1071(b)(4). This Court also has supplemental jurisdiction under 28 U.S.C. 1367 over plaintiff's claim because plaintiff's claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy. In accordance with the Court's order of September 10, 2019, defendant has been properly served in this matter. Because defendant failed to file an answer or respond within twenty-one (21) days from the date of service, default was properly entered by plaintiff. (Dkt. No. 11).

**IV.     Standard**

Default judgment is appropriate if the well-pleaded allegations of the complaint establish that the plaintiff is entitled to relief, and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006). By defaulting, the defendant admits the plaintiff's well-pleaded allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). Here, because defendant has not answered or otherwise timely responded, the well-pleaded allegations of fact contained in the complaint are deemed to be admitted.

## V. Analysis

Having examined the record, the undersigned finds that the well-pleaded allegations of fact in the complaint (Dkt. No. 1), supported by plaintiff's motion for default judgment (Dkt. No. 11) and memorandum in support (Dkt. No. 11-1), establish that defendant infringed plaintiff's trademark.

In the Fourth Circuit, when new evidence is submitted in an action seeking reversal of a TTAB decision, the district court does not "act as a reviewing court." *Swatch AG v. Beehive Wholesale, LLC,* 739 F.3d 150, 155. Rather, *de novo* review of the record is required, and the Court acts as the finder of fact. *Id.* Here, because defendant has failed to plead or defend within the timeframe set out in the rules, he has admitted the plaintiff's well-pleaded findings of fact. Accordingly, in reviewing the instant matter, plaintiff's uncontested evidence weighs in favor of sustaining plaintiff's opposition to defendant's trademark application.

First, based on the evidence now in the record, it is clear that contrary to the finding of the TTAB, plaintiff has "plead [or] submit[ed] evidence demonstrating ownership or use of the term C-BYTE." On the question of use, plaintiff has submitted uncontested evidence that it has used the C-BYTE mark in the United States to promote its goods and services since at least as early as February 18, 2013, and that it has continued to use it to this day. For example, plaintiff has provided the Court with Google Advertising reports showing that plaintiff ran advertisements promoting its mark. (Dkt. No. 1-13). It is also undisputed that plaintiff continues to use the mark, providing goods and services such as computer hardware and software under the C-BYTE name. (Dkt. No. 1) 5-6.

Second, plaintiff has demonstrated ownership. Plaintiff has plead and provided evidence in support of the fact that defendant transferred domain names to plaintiff, including the original communication from register.com stating that "a Transfer of Registrant has been requested by Trevor Biscope." (Dkt. No. 1-1). Significantly, it is uncontested that the subsequent transfer of

6

domain names back to defendant was illicit. As noted by the arbitration panel, Biscope "stole the domain names on August 16, 2013," and "deliberately provided false contact information when [Biscope] registered the disputed domain names." (Dkt. No. 1-3) 6. Therefore, plaintiff has established its continuous ownership of the mark. Altogether, then, there is abundant evidence establishing that the TTAB erroneously concluded that C-Byte "did not plead nor did it submit any evidence demonstrating ownership or use of the term C-BYTE." (Dkt. No. 1-8).

Furthermore, Biscope's use of the C-BYTE mark is likely to cause confusion within the meaning of Section 2(d) of the Lanham Act. The Lanham Act allows the USPTO to refuse to register a mark when it "[c]onsists of or comprises a mark which so resembles a mark registered in the Patent and Trademark Office, or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1052(d). In considering the similarity of the marks, the Fourth Circuit has instructed courts to "focus on whether there exists a similarity in sight, sound, and meaning which would result in confusion." *George & Co. LLC v. Imagination Entertainment Ltd.,* 575 F.3d 383, 393 (4th Cir. 2009). The similarity of two marks ought not to be evaluated by a side-by-side comparison of the marks, but rather a consideration of the marks "in light of the fallibility of memory." *In re St. Helena Hosp.,* 774 F.3d 747, 751 (Fed. Cir. 2014); *see also, Coach Servs. Inc. v. Triumph Learning LLC,* 668 F.3d 1356, 1368 (Fed. Cir. 2012)("The proper test is not a side-by-side comparison of the marks, but instead whether the marks are sufficiently similar in terms of their commercial impression such that persons who encounter the marks would be likely to assume a connection between the parties"). Here, Biscope's C-BYTE mark is identical to C-Byte's C-BYTE mark. Given that the marks are identical, a consumer would likely assume a connection between the parties. These similarities could result in the loss of customers and sales by C-Byte. Given the clear evidence that C-Byte

7

owns the C-BYTE mark, C-Byte's continued use of that mark, and the likelihood of confusion caused by the identical marks, defendant's use of the mark constitutes trademark infringement.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends:

1) Granting plaintiff's motion for default judgment (Dkt. No. 11);

2) Reversing the TTAB's February 6, 2019 decision in the matter *of C-Byte Computer Systems LLC v. Biscope, Inc.*;

3) Declaring that defendant's use or registration of the C-BYTE mark will infringe plaintiff's C-BYTE mark and constitute trademark infringement; and

4) Granting a permanent injunction enjoining Defendant and his employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, or other affiliated parties from using, registering, or seeking to register the C-BYTE mark in connection with any computer-related or online services or any other goods or services that cause or are likely to cause confusion as to the source, affiliation or sponsorship of Plaintiff's C-Byte services.

## VII. Notice

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to defendant domain names at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

February 7, 2020
Alexandria, Virginia